IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KISHA BALDWIN, )
)
        Plaintiff, )
)
v. )
) C.A. No. 23-768-GBW
WILMINGTON HOUSING )
AUTHORITY, et al. )
)
        Defendants. )

## MEMORANDUM OPINION

Kisha Baldwin, Middlesex, New Jersey. Pro Se Plaintiff.

January 2, 2024
Wilmington, Delaware

**WILLIAMS, U.S. DISTRICT JUDGE:**

Plaintiff Kisha Baldwin initiated this action on July 14, 2023. (D.I. 2). She proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.   BACKGROUND

Plaintiff brings employment discrimination claims against her former employer, the Wilmington Housing Authority ("WHA"), and two individual employees of the WHA. She was employed as the Director of Capital Development. She claims discriminatory verbal and physical harassment, discipline, and discharge based on her sex and family care responsibilities. She also claims retaliation.

The only factual allegations contained in the Complaint are that the retaliation was based on Plaintiff's recovery Covid-19 and Plaintiff's having provided care for her young grandchild.

Plaintiff seeks $110,000, and additional unspecified amounts in damages.

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12

(2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

To begin, as to the individual WHA employee Defendants, Title VII imposes liability only on employers, *see Williams v. Pennsylvania Hum. Rels. Comm'n*, 870 F.3d 294, 299 (3d Cir. 2017), and does not provide for individual liability. *See Parikh v. UPS*, 491 F. App'x 303, 308 (3d Cir. 2012); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) ("[W]e are persuaded that

3

Congress did not intend to hold individual employees liable under Title VII."). Accordingly, these Defendants will be dismissed.

As to Plaintiff's claims against the WHA, they are raised in conclusory fashion, lacking the kinds of specific factual allegations required to satisfy pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. *See City of Shelby*, 574 U.S. at 12 (2014); *Iqbal*, 556 U.S. at 679. Plaintiff will be given leave to file an amended complaint.

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.